# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Carlos Hilario Arias, et al.,

        Plaintiffs,

v.

United States Immigration and Customs Enforcement
Division of the Department of Homeland Security, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**
Civ. No. 07-1959 ADM/JSM

---

Daniel R. Shulman, Esq. and Jennifer R. Coates, Esq., Gray Plant, Mooty, Mooty & Bennett, P.A., Minneapolis, MN, on behalf of Plaintiffs.

Ann Goering, Esq. and Erin E. Ische, Esq., Ratwik, Roszak & Maloney, P.A., Minneapolis, MN, on behalf of Dan Hartog, John Doe Kandiyohi Sheriff's Deputies ##1-10, and Jane Doe Kandiyohi County Probation Official.

---

      This matter is before the undersigned United States District Judge on Defendants Dan Hartog, John Doe Kandiyohi Sheriff's Deputies ##1-10, and Jane Doe Kandiyohi County Probation Official's ("Defendants") Motion for Rule 11 Sanctions [Docket No. 211]. On June 23, 2009, the Court granted Defendants' Motion for Summary Judgment [Docket No. 178]. June 23, 2009 Order [Docket No. 209]. On July 28, 2009, Defendants filed the instant Motion requesting sanctions against Plaintiffs' attorneys Gray, Plant, Mooty, Mooty & Bennett, P.A. for approximately $40,000 in costs, disbursements, and attorney fees incurred since November 20, 2008.

      Rule 11 authorizes sanctions against attorneys who file pleadings and motions having no legal or factual basis, or who take actions intended to harass, delay, or unnecessarily add to the cost of litigation. Fed. R. Civ. P. 11. A motion for sanctions must be made separately, "but it must not be filed or presented to the court if the challenged paper, claim, defense, contention, or

denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets." Id.(c)(2). This requirement was added to the Rule to provide a "safe harbor" to allow opposing counsel to withdraw a filing before a court imposed a sanction. See Gordon v. Unifund CCR Partners, 345 F.3d 1028, 1029 (8th Cir. 2003); Fed. R. Cir. P. 11 Advisory Committee Notes (1993 Amendments). It is undisputed that Defendants have failed to follow the safe harbor procedure. Rule 11 motions failing to follow this procedure have routinely been dismissed in this district. See Mortice v. Providian Fin. Corp., 283 F. Supp. 2d 1084, 1087 (D. Minn. 2003); VanDanacker v. Main Motors Sales Co., 109 F. Supp. 2d 1045, 1055 (D. Minn. 2000); TRI, Inc. v. Boise Cascade Office Prod., Inc. and Honeywell, Inc., No. 00-1464, 2002 WL 31108190, at *7 (D. Minn. September 20, 2002).

Defendants argue the "unique fact situation" presented in this case warrants sanctions despite the failure to follow the safe harbor procedure. Defendants contend that they were unaware that Plaintiffs' claim was meritless until they received Plaintiffs' Memorandum in Opposition to Summary Judgment, and because there was not a 21 day interval between the filing of the Opposition and the grant of summary judgment, Defendants could not comply with the safe harbor provision. This is a specious argument. If Defendants sincerely felt Rule 11 sanctions were appropriate, a motion should have been served on Plaintiffs after receiving the Opposition. There was no necessity to await the Court's ruling. Defendants waited over a month after the Court granted summary judgment to file the Motion, effectively giving Plaintiffs no ability to correct any offending documents.

Defendants' argument that Plaintiffs were on notice that sanction would be sought also lacks merit. Sending a letter to opposing counsel in place of a formal Rule 11 Motion does not

2

satisfy the safe harbor provision.  See Mortice, 283 F. Supp. 2d at 1087.  Moreover, the letter in question begins by discussing settlement and then requests a stipulated dismissal.  Goering Aff. [Docket No. 214] Ex. A.  At no point does the letter inform Plaintiffs that Defendants intend to seek sanctions.  The letter is plausibly read as settlement posturing.  Additionally, if Defendants were serious about sanctions, they should have sought them shortly after the settlement request was rejected.  If they had done so and Plaintiffs had ignored the safe harbor provision, sanctions might be procedurally warranted.

Finally, the Court does not believe that Plaintiffs pursued the action in an attempt to harass Defendants.  This case arose out of exigent circumstances involving mass detentions in an immigration action.  If the allegations were proven true, Plaintiffs were subject to serious civil rights violations.  There were over 50 Plaintiffs, many of whom were not easily accessible.  The difficulties in this case were also compounded by the complications inherent when there are questions of Plaintiffs' citizenship status.  After the initial furor subsided Gray, Plant, Mooty, Mooty & Bennett, P.A. took this case to help sort out these issues and pursue claims for the proper Plaintiffs.  To sanction them based on the procedural and substantive record in this case is unwarranted.

Accordingly, based upon the foregoing, and all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that Defendants Dan Hartog, John Doe Kandiyohi Sheriff's Deputies ##1-10, and Jane Doe Kandiyohi County Probation Official's Motion for Rule 11 Sanctions [Docket No. 211] is **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: September 2, 2009.